Catherine Duffy PETIT,
Plaintiff, Appellant,

v.

Peter C. FESSENDEN, Trustee, et al., Defendants, Appellees.

Catherine Duffy PETIT,
Plaintiff, Appellant,

v.

Peter C. FESSENDEN, Trustee, et al., Defendants, Appellees.

Catherine Duffy PETIT,
Plaintiff, Appellant,

v.

Peter C. FESSENDEN, Trustee, et al., Defendants, Appellees.

Nos. 95–1376 to 95–1378.

United States Court of Appeals,
First Circuit.

Heard Dec. 6, 1995.

Decided April 3, 1996.

Stephen F. Gordon, with whom Gordon & Wise was on brief, Boston, MA, for appellant.

Peter C. Fessenden, with whom John G. Connor, Law Office of John G. Connor, Brunswick, ME, James F. Molleur, Woodman & Edmands, P.A., Biddeford, ME, U. Charles Remmel, II, Kelly, Remmel & Zimmerman, Portland, ME, and Mark S. O'Brien, Special Assistant United States Attorney, were on brief, Augusta, ME, for appellees.

Before CYR, Circuit Judge, BOWNES, Senior Circuit Judge, and STAHL, Circuit Judge.

CYR, Circuit Judge.

Plaintiff Catherine Duffy Petit, a chapter 11 debtor, appeals from a district court judgment affirming a bankruptcy court order allowing the chapter 11 trustee to reconvene a meeting of creditors several months after its indefinite adjournment, see Bankruptcy Code § 341, 11 U.S.C. § 341; Fed.R.Bankr.P. 2003, thereby purportedly recommencing the 30–day limitation period within which a trustee may interpose objections to an exemption claim made by the debtor. See Fed. R.Bankr.P. 4003(b). We affirm.

## I

### BACKGROUND

In June 1993, creditors initiated an involuntary chapter 7 proceeding against Petit in the United States Bankruptcy Court for the District of Maine. The bankruptcy court entered the order for relief under chapter 7 on December 10, 1993, following its denial of Petit's motion to dismiss the involuntary petition. See 11 U.S.C. § 305(a). One week later, Petit filed a motion to convert to chapter 11. See id. § 348. At a hearing on February 2, 1994, and over the objection of the petitioning creditors, the bankruptcy court directed entry of an order for relief under chapter 11, and took under advisement the appointment of a chapter 11 trustee.

Petit filed her statement of financial affairs (Official Form 7) and schedules (Official Form 6), including Schedule C (Property Claimed as Exempt), see id. § 521(1), on February 25, 1994, asserting a claim to certain exemptions prescribed under federal law, see id. §§ 522(d)(11)(A) ("an award under a crime victim's reparation law"); 522(d)(11)(D) ("payment[s], not to exceed $7500, on account of personal bodily injury"). In Schedule B, Petit listed as an exempt asset, inter alia, the entire anticipated proceeds from a pending state-court action

against Key Bank, having an estimated value in excess of $25 million. On March 28, 1994, the order for relief under chapter 11 was entered on the bankruptcy court docket.

The United States Trustee convened a meeting of creditors on May 17, 1994. *See id.* § 341; Fed.R.Bankr.P. 2003. Before it ended, the meeting of creditors was "continued without date" by the Assistant United States Trustee. On June 17, the bankruptcy court approved the appointment of defendant-appellee Peter Fessenden, Esquire, as the chapter 11 trustee. Two months later, on August 22, Fessenden filed objections to the list of property claimed as exempt by Petit, particularly her claim to the anticipated proceeds from the pending legal action against Key Bank. Petit responded that the objection was time-barred by Fed.R.Bankr.P. 4003(b), because it was not filed until more than 30 days after the "conclusion" of the meeting of creditors. *See Taylor v. Freeland & Kronz,* 503 U.S. 638, 642–44, 112 S.Ct. 1644, 1648–49, 118 L.Ed.2d 280 (1992). Fessenden meanwhile sent a notice to creditors that the continued meeting of creditors would be reconvened on October 20, thus purportedly extending—until at least 30 days after October 20—the time for filing any objection to the list of property claimed exempt and rendering timely the objection filed by Fessenden on August 22.

Petit then sought to quash the notice reconvening the meeting of creditors, contending in the alternative that (1) Bankruptcy Code § 341 permits only the United States Trustee or an express "designee"—and not an undesignated chapter 11 trustee—to convene a meeting of creditors and that the United States Trustee had objected to reconvening the meeting of creditors scheduled by Fessenden; or (2) the 30–day deadline prescribed in Bankruptcy Rule 4003(b) for objecting to an exemption claim cannot be enlarged, citing the Supreme Court decision in *Taylor,* 112 S.Ct. at 1648 ("[Rule 4003(b)] [d]eadlines may lead to unwelcome results, but they prompt parties to act and produce finality."). *But cf. Mercer v. Monzack,* 53 F.3d 1 (1st Cir.) (distinguishing *Taylor* ), petition for cert. denied, —— U.S. ——, 116 S.Ct. 1317, 134 L.Ed.2d 471 (1996). Petit argued that allowing trustees to circumvent *Taylor,* through the simple expedient of routine, indefinite adjournments of meetings of creditors, would deprive chapter 11 debtors of the benefit of the very policies of repose and finality acknowledged by the Supreme Court in *Taylor.* Petit urged, at the very least, that a meeting of creditors adjourned without day be deemed "concluded" for purposes of the Rule 4003(b) time-bar if, as here, the United States Trustee (or chapter 11 trustee) fails to announce, within 30 days of the adjournment, a firm date for reconvening the meeting of creditors. *See In re Levitt,* 137 B.R. 881 (Bankr.D.Mass.1992); *infra* note 2.

The bankruptcy court first denied the motion to quash the notice reconvening the continued meeting of creditors, then, after it had been reconvened, ruled that the Fessenden objection to Petit's exemption claim was not time-barred, *In re Petit,* 172 B.R. 706 (Bankr.D.Me.1994) (Votolato, B.J.);[1] *Petit,* 174 B.R. 868 (Bankr.D.Me.1994) (Votolato, B.J.).[2] The district court affirmed. *Petit v.*

---

1. The bankruptcy court ruled that Fessenden possessed unilateral authority to reconvene the meeting of creditors because Bankruptcy Code § 102(9) defines the term "United States trustee" to include a "designee," the term "designee" is synonymous with the term "appointee," and the United States Trustee had appointed Fessenden as the chapter 11 trustee. In light of our holding, we need not resolve this question.

2. The bankruptcy court sustained the objections on the following grounds. First, it found *In re Levitt* inapposite because the indefinite adjournment of the meeting of creditors by the chapter 7 trustee in that case had been followed by an unreasonable *15–month* delay in reconvening the

meeting. Treating the "reasonableness" of any delay in reconvening a meeting of creditors as a matter requiring case-by-case determination, the bankruptcy court noted several factors which indicated that the delay in this case was not unreasonable: (1) Fessenden did not become the chapter 11 trustee until after the initial meeting of creditors, in part because Petit, a "particularly litigious and obstructionist" debtor, had opposed the appointment of a chapter 11 trustee; (2) the Fessenden appointment, which occurred the same day the 30–day period prescribed in Bankruptcy Rule 4003(b) expired, followed the unexpected withdrawal or disqualification of other potential chapter 11 trustee candidates; (3) thus Fessenden was relegated to the role of a mere

*Fessenden* (*In re Petit* ), 182 B.R. 59 (D.Me. 1995); *Petit,* 182 B.R. 57 (D.Me.1995).

## II

## *DISCUSSION*

### A. *Standard of Review*

■ In a bankruptcy appeal, the conclusions of law made by the district court are subject to plenary review; whereas the facts found by the bankruptcy court are reviewed only for clear error. *See Indian Motocycle Assocs. III Ltd. Partnership v. Massachusetts Hous. Fin. Agency* (*In re Indian Motocycle Assocs. III Ltd. Partnership* ), 66 F.3d 1246, 1249 (1st Cir.1995).

### B. *The Claim of Exemptions*

Although Petit renews on appeal most of the arguments made below, we do not reach them, *see Juniper Dev. Group v. Kahn* (*In re Hemingway Transp.* ), 993 F.2d 915, 935 (1st Cir.) (court of appeals may affirm on any ground established by the record, whether or not raised or addressed in the bankruptcy court), *cert. denied,* — U.S. —, 114 S.Ct. 303, 126 L.Ed.2d 251 (1993), since she has not met the first indispensable precondition to a valid claim of exemptions: a *timely* claim of exemptions. *See* Fed.R.App.P. 11(a); *Byrd v. Ronayne,* 61 F.3d 1026, 1029 n. 4 (1st Cir.1995) (appellant must include in appellate record all materials essential to appellate claim).

A debtor must list the property claimed as exempt under Bankruptcy Code § 522 within the applicable time limit prescribed in Bankruptcy Rule 1007. *See* Fed.R.Bankr.P.

4003(a). An alleged debtor in an involuntary case must file schedules, including any Schedule C—Property Claimed as Exempt, "within 15 days after the entry of the order of relief." Fed.R.Bankr.P. 1007(c). Schedules duly filed in a chapter 7 case are "deemed filed in a superseding case unless the court directs otherwise." *Id.* Any extension of the filing deadlines prescribed by Bankruptcy Rule 1007(c) "may be granted only on motion for cause shown and on notice to the United States trustee and to any committee elected pursuant to § 705 or appointed pursuant to § 1102 of the Code, trustee, examiner, or other party as the court may direct." *Id.; see also* Fed.R.Bankr.P. 9006(b)(1) (imposing a heightened showing of "excusable neglect" where the motion to extend the time for filing is made after the expiration of the original 15–day filing period).

Petit filed no schedules until February 25, 1994, despite the fact that the order for relief under chapter 7 had been entered on December 10, 1993, which meant that her schedules were due not later than December 26, 1993, absent a timely motion to extend the filing period for cause shown or excusable neglect. Nonetheless, no request to extend the filing time was ever made pursuant to Bankruptcy Rule 1007(c). *See, e.g., Bryant v. Smith,* 165 B.R. 176, 181–82 (W.D.Va.1994) ("The court finds that untimely filed schedules waive a debtor's exemption unless the untimely filing is permitted by the bankruptcy judge in his discretion for cause shown or excusable neglect.").

■ During the 15–day window allowed under Bankruptcy Rule 1007(c), Petit did file

---

"spectator" at the initial May 17 meeting of creditors, and did not participate in questioning Petit regarding her schedules; (4) the Assistant United States Trustee had informed Petit at the initial meeting of creditors that although it was unlikely the meeting of creditors would be reconvened, "some special reason" might require it; and (5) Fessenden filed objections to the Petit exemption claims 66 days after his appointment.

On the merits, the bankruptcy court found the Petit exemption claims here at issue *frivolous,* for two reasons. First, Maine law does not permit residents to elect the federal slate of property exemptions, and Petit's contention that she was not a Maine resident was found to be "farcical." Her real and personal property was all located in

Maine, where she also voted, received her mail, and secured her driver's license. She adduced no concrete evidence that she had resided in Massachusetts for 180 days prior to the involuntary chapter 7 petition. Second, even if Petit had been permitted by Maine law to claim the federal exemptions, she had not established that the pending lawsuit against Key Bank involved a claim arising "under a crime victim's reparation law," *see* 11 U.S.C. § 522(d)(11)(A), or for "payment[s] ... on account of personal bodily injury," *see id.* § 522(d)(11)(D). Further, Petit had not claimed these exemptions under § 522(d)(11)(E) (compensation for "loss of future earnings") because Schedule C did not cite to § 522(d)(11)(E).

a motion to convert the chapter 7 case to chapter 11, but this motion neither excused the failure to comply with Bankruptcy Rule 1007(c), nor tolled the 15–day filing period. Finally, the automatic "deeming" provision in Bankruptcy Rule 1007(c), *see supra* p. 8, can afford no refuge since no chapter 7 schedules were ever filed. Nor did the chapter 11 schedules eventually filed by Petit cure her procedural default.

First, although an order of conversion constitutes an "order for relief" under the chapter to which the case is converted, *see* 11 U.S.C. § 348(a), it "does not effect a change in the date of … the order for relief." That is to say, "[s]ection 348(a) provides that 'those provisions of the Code which are keyed to the date of entry of the order for relief for their operation are unaffected … by conversion.'" *F & M Marquette Nat'l Bank v. Richards*, 780 F.2d 24, 25 (8th Cir. 1985) (quoting 2 Lawrence P. King, *Collier on Bankruptcy* § 348.02 (15th ed. 1979)); *see Schwartz v. Jetronic Indus., Inc. (In re Harry Levin, Inc.)*, 175 B.R. 560, 570 (Bankr. E.D.Pa.1994); *LaRossa v. Leydet (In re Leydet)*, 150 B.R. 641, 642 (Bankr.E.D.Va.1993). Since the time limits prescribed in Bankruptcy Rules 1007(c) and 4003(a) are keyed to the date of the order for relief, which had already been entered on December 10, 1993, the order of conversion could not effect an automatic extension of the 15–day deadline (December 26, 1993) for filing schedules.

Second, Petit inexplicably made matters more problematic by disregarding a ready opportunity, and her clear responsibility, to cure the procedural default by complying with an explicit bankruptcy court order directing her to file chapter 11 schedules not later than February 23, 1994. *See* Fed. R.Bankr.P. 9006(b), (c). Instead, Petit failed to file the required chapter 11 schedules until February 25, two days beyond the deadline. Thus, Petit's chapter 11 schedules were time-barred even viewed in the most favorable light, without regard to her failure to notify the United States Trustee of her intention to request an extension under Rule 4003(a) or to allege or demonstrate either excusable neglect or good cause. *See* Fed.R.Bankr.P. 1007(c), 9006(b)(1).

The *Taylor* Court recognized that a debtor should not be indefinitely or unreasonably delayed in reacquiring property while the trustee or creditors ponder whether or not to lodge objections to a claim of exemptions. *See Taylor*, 503 U.S. at 638, 112 S.Ct. at 1644; *In re Young*, 806 F.2d 1303, 1305 (5th Cir.1987); Fed.R.Bankr.P. 4003(b), 9006(b)(3) (trustee must move for filing extension before end of 30–day period). Unless and until a debtor files a timely claim of exemptions, however, as required by the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure, there is no "list of property claimed exempt" for the trustee or creditors to oppose. *See, e.g., Redfield v. Peat, Marwick and Co. (In re Robertson)*, 105 B.R. 440, 450 (Bankr.N.D.Ill.1989) ("The Debtor and other Defendants here who seek the normal benefit that flows from a timely claim of exemption not timely objected to, rest their contention on a late-filed claim that the Court never allowed to be filed.… In this case, the exemption claim late-filed without notice, motion, or leave of Court, is not entitled to the automatic allowance that Bankr.R. 4003(a) gives to a timely filed exemption claim if it is not timely objected to. He who seeks to benefit by the Bankruptcy Rules must abide by them."). In these circumstances, the principle of repose relied upon in *Taylor* supports the rulings below. *Taylor*, 503 U.S. at 644, 112 S.Ct. at 1648 ("[Rule 4003(b)] deadlines may lead to unwelcome results, but they prompt parties to act and produce finality.").[3]

*The district court judgment is affirmed and the case is remanded to the bankruptcy court for further proceedings consistent with this opinion. Costs are awarded to appellees.*

---

**3.** In opposing Petit's claim of exemptions, the chapter 11 trustee agreed, in principle, not to oppose her claim of exemptions insofar as it pertained to legitimate state-law exemptions, if any. Consequently, we express no opinion on the preliminary and related question whether, upon remand to the bankruptcy court, Petit should prevail on any motion to extend the time in which to file such a claim of exemptions for good cause or excusable neglect.