USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT  ____________________ No. 95-2311 ALAN D. WILLIAMSON, Appellant, v. LEWIS J. BUSCONI, Appellee.  ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Nathaniel M. Gorton, U.S. District Judge] ___________________  ____________________ Before Torruella, Chief Judge, ___________ Cyr, Circuit Judge, _____________ and Cummings,* Circuit Judge. _____________  ____________________ Rosario Mario F. Rizzo for appellant. ______________________ Howard P. Blatchford, Jr., with whom Bruce F. Smith and Jager, __________________________ _______________ ______ Smith, Stetler & Arata, P.C. were on brief for appellee. ____________________________  ____________________ July 3, 1996  ____________________  ____________________ *Of the Seventh Circuit, sitting by designation. CYR, Circuit Judge. Appellant Alan D. Williamson CYR, Circuit Judge. ______________ challenges a bankruptcy court ruling excluding evidence probative of the chapter 7 debtor-appellee Lewis J. Busconi's putative intent to defraud Williamson in a substantial real estate transaction. In due course Williamson commenced an adversary proceeding in the bankruptcy court to except his claim from the chapter 7 discharge on the ground that the debt had been induced by fraud. See Bankruptcy Code 523(a)(2)(A), 11 U.S.C.  ___ 523(a)(2)(A) (1994). Following careful review of the entire record, we conclude that the bankruptcy court abused its discretion by excluding the proffered evidence, but that the error did not affect substantial rights.  At the bench trial, Williamson unsuccessfully attempted to introduce evidence as to various events, including Busconi's conduct, subsequent to the closing of their real estate transaction, from which a factfinder reasonably could have inferred that Busconi had not intended to pay the note at the time it was executed. The evidence was excluded as irrelevant. Nonetheless, after hearing the testimony of both parties, the bankruptcy judge expressly credited Busconi's testimony, found that Williamson had failed to establish the requisite fraudulent intent, and ruled the Williamson debt dischargeable. On intermediateappeal, thedistrictcourtaffirmed withoutelaboration.1  ____________________ 1The district court's conclusions of law are reviewed de __ novo, Petit v. Fessenden, 80 F.3d 29, 32 (1st Cir. 1996); Fed. R. ____ ______ _________ Bankr. P. 8013. The bankruptcy court's factual findings are reviewed for clear error. Id. Evidentiary rulings by the __ bankruptcy court are subject to the "abuse of discretion" 2 As direct evidence is seldom available, fraudulent intent normally is determined from the totality of the circumstances. Charlie Kelton's Pontiac, Cadillac, Oldsmobile & _________________________________________________ Isuzu Truck, Inc. v. Roberts (In re Roberts), 82 B.R. 179, 184 __________________ _______ _____________ (Bankr. D. Mass. 1987). And since "subsequent conduct may reflect back to the promisor's state of mind and thus may be considered in ascertaining whether there was fraudulent intent" at the time the promise was made, proper application of the "totality" test in the instant context often warrants consideration of post-transaction conduct and consequences, as well as pre-transaction conduct and contemporaneous events. See ___ Krenowsky v. Haining (In re Haining), 119 B.R. 460, 464 (Bankr. _________ _______ ______________ D. Del. 1990); cf. United States v. Rodriguez, 858 F.2d 809, 816 __ _____________ _________ (1st Cir. 1988) ("later events often may shed light on earlier motivations"). In sum, the bankruptcy court ruling excluding Busconi's relevant post-closing conduct constituted an abuse of discretion. Williamson must also show, however, that the evidentiary ruling adversely affected his "substantial rights." See Fed. R. Bankr. P. 9005, 9017 (incorporating Fed. R. Civ. P. ___ 61; Fed. R. Evid. 103(a)). At a minimum, Williamson would need to demonstrate clear error in the ultimate assessment that the testimony given by Busconi was more credible than that given by Williamson. In light of all the evidence in the record, we are  ____________________ standard. See United States v. Cotto-Aponte, 30 F.3d 4, 6 (1st ___ ______________ ____________ Cir. 1994). 3 not persuaded that the challenged judgment was substantially influenced by the erroneous evidentiary ruling. See Lubanski v. ___ ________ Coleco Indus., Inc., 929 F.2d 42, 46 (1st Cir. 1991). As there ___________________ was no clear error in the bankruptcy court's findings, the district court judgment is affirmed. The parties shall bear affirmed The parties shall bear ________ ___ _______ _____ ____ their own costs. their own costs. _____ ___ _____ 4