USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT No. 96-1840 IN RE DAVID B. EDMONSTON, Debtor  __________ DAVID B. EDMONSTON, Appellant, v. HAROLD B. MURPHY, Appellee.  ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Reginald C. Lindsay, U.S. District Judge] ___________________  ____________________ Before Cyr and Lynch, Circuit Judges, ______________ and McAuliffe,* U.S. District Judge, ___________________  ____________________ George R. Desmond for appellant.  _________________ Andrew G. Lizotte, with whom Hanify & King was on brief for __________________ ______________ appellee.   ____________________ February 26, 1997  ____________________  ____________________ *Of the District of New Hampshire, sitting by designation. CYR, Circuit Judge. Chapter 7 debtor David Edmonston CYR, Circuit Judge ______________ challenges a bankruptcy court ruling disallowing his exemption claim to entireties property the primary residence owned by him and his nondebtor spouse since 1980. Edmonston duly claimed the residence exempt, see Bankruptcy Code 522(b)(2)(B); Mass. ___ Gen. Laws ch. 209, 1, estimated its value at $200,000, and indicated that he and his nondebtor spouse were jointly obligated under the $59,000 real estate mortgage and for unsecured _________ indebtedness totaling at least $10,000. In due course the chapter 7 trustee objected to the exemption claim and Edmonston responded by contesting both the merits of the objection and the trustee's "standing" to assert it. Ultimately, the bankruptcy court disallowed the exemption claim, the district court affirmed, and Edmonston appealed.  I. I. As the facts are not in dispute, we conduct de novo __ ____ review of the conclusions of law challenged on appeal. See In re ___ _____ Caron, 82 F.3d 7, 9 (1st Cir. 1996). First, however, we chart _____ the legal terrain underlying the contested conclusions of law.  An interest in property held in tenancy by the entirety is exempt in bankruptcy "to the extent . . . exempt from process under applicable nonbankruptcy law," 11 U.S.C. 522(b)(2)(B), in this instance Massachusetts law. See Napotnik v. Equibank & ___ ________ ___________ Parkvale Sav. Assoc., 679 F.2d 316, 318 (3d Cir. 1982) ("Since _____________________ property law in general and the law of co-tenancies in particular are creatures of state law, the 'applicable nonbankruptcy law' is 2 the applicable [state] law of tenancy by the entirety."). Commonwealth law provides that "[t]he interest of a debtor spouse in property held as tenants by the entirety shall not be subject to seizure by a creditor of such debtor spouse so long as such property is the principal residence of the nondebtor spouse." _________ Mass. Gen. Laws ch. 209, 1 (1987) (emphasis added).1 Thus, a creditor with a claim against both tenants by the entirety ____ ("joint creditor") may reach and apply the entireties property. See Coraccio v. Lowell Five Cents Sav. Bank, 612 N.E.2d 650, 654 ___ ________ ___________________________ (Mass. 1993) ("Nor, by virtue of G.L. c. 209, 1, may a creditor of either seize the principal residence absent the joint signature of the spouses."); In re McConchie, 94 B.R. 245, 247 ________________ (Bankr. D. Mass. 1988) ("[T]he property is free from levy and execution from [sic] the creditor of one spouse if the debts are not joint or for necessaries."). Accordingly, the present exemption claim is unsupported by Commonwealth law to the extent Edmonston and his nondebtor spouse were jointly indebted. See, ___ e.g., Sumy v. Schlossberg, 777 F.2d 921, 928 (4th Cir. 1985) ("A ____ ____ ___________ debtor does not lose all benefit of 522(b)(2)(B) when joint creditors are present, but he does not benefit from it to the  ____________________ 1Originally, chapter 209, 1, did not apply to tenancies by 1 the entirety created prior to its effective date, viz., February ____ 11, 1980. Turner v. Greenway, 459 N.E.2d 821, 823 (Mass. 1984). ______ ________ See also In re Robbins, 187 B.R. 400, 402 (Bankr. D. Mass. 1995) ___ ____ _____________ ("Tenancies by the entirety created prior to February 11, 1980 are governed by the common law."). Subsequently, however, the Massachusetts legislature enabled married couples whose tenancies by the entirety were created prior to February 11, 1980, to elect to come within chapter 209, 1. See Mass. Gen. Laws ch. 209,  ___ 1 (1987); Mass. Gen. Laws ch. 209, 1A (West Supp. 1996). 3 extent of joint claims."). Nevertheless, an exemption claim becomes effective by operation of law absent a cognizable objection. See 11 U.S.C.  ___ 522(l) ("Unless a party in interest objects, the property claimed as exempt on such list is exempt."); Fed. R. Bankr. P. 4003(b); see also Taylor v. Freeland & Kronz, 503 U.S. 638, 643 (1992) ___ ____ ______ _________________ (property listed as exempt by debtor is exempt unless party in interest objects within 30 days); Mercer v. Monzack, 53 F.3d 1, 3 ______ _______ (1st Cir. 1995) (property listed as exempt becomes exempt by operation of law absent timely objection), cert. denied, 116 S. _____ ______ Ct. 1317 (1996). Since no joint creditor objected to Edmonston's exemption claim within the allotted time, the present appeal cannot succeed unless the chapter 7 trustee qualifies as a "party in interest" within the meaning of Bankruptcy Code 522(l).  We think it clear that Bankruptcy Rule 4003(b)  itself "derived from 522(l) of the Code," Fed. R. Bankr. P. 4003, Advisory Committee Note authoritatively defines the section 522(l) term "party in interest," by explicitly stating that the "trustee or any creditor may file objections to the list __ of property claimed as exempt." Fed. R. Bankr. P. 4003(b) (emphasis added).2 Moreover, the position we make explicit today  ____________________ 2The Bankruptcy Rules "govern" procedure in all bankruptcy 2 proceedings unless inconsistent with either title 11 or title 28, United States Code. Section 247 of Public Law 95-598, 92 Stat. 2549 amended 28 U.S.C. 2075. . . . to require that procedural rules promulgated pursuant to 28 U.S.C. 2075 be consistent __________ with the bankruptcy statute, both titles 11 ____ 4 simply gives voice to the longstanding, implicit acknowledgement that a chapter 7 trustee is a "party in interest" within the meaning of section 522(l). See, e.g., Taylor, 503 S. Ct. at 642- ___ ____ ______ 43 (as trustee waived right to oppose exemption claim by not objecting within 30-day period prescribed by Rule 4003(b), property became exempt by operation of 522(l)); Petit v. _____ Fessenden, 80 F.3d 29, 32-33 (1st Cir. 1996) (failure to file _________ timely schedules relieved trustee of duty to object, as there was no "list of property claimed as exempt" to be opposed under  522(l) and Rule 4003(b)).  As "the representative of the estate," 11 U.S.C.  ___ 323(a) (emphasis added), the chapter 7 trustee is under a duty to "collect and reduce to money the property of the estate." Id.  ___ 704(1).3 See First Nat'l Bank of Mobile v. Norris, 701 F.2d 902, ___ __________________________ ______  ____________________ and 28 U.S.C. Thus, . . . any procedural matters contained in title 11 or 28 U.S.C. with respect to cases filed under 11 U.S.C. would control. See 1 Collier, Bankruptcy  ___ 3.04[2][c] (15th ed. 1980). Advisory Committee Note (1983) (emphasis added). Edmonston neither contends nor intimates that Rule 4003(b) is in any respect inconsistent with either title 11 (Bankruptcy Code) or title 28 (Judiciary and Judicial Procedure). Nor do we discern any pertinent inconsistency. On the contrary, given the mandate in Bankruptcy Code 704 ("The trustee shall (1) collect and reduce to money the property of the estate . . . ."), any suggestion that a chapter 7 trustee is not required, let alone permitted, to oppose an unallowable exemption claim would be totally at odds with the chapter 7 trustee's principal statutory responsibility, as "the representative of the [chapter ___ 7] estate," id. 323(a) (emphasis added).  ___ 3Edmonston does not dispute that the entireties property became "property of the estate" by operation of law, see 11 ___ U.S.C. 541(a)(2)(B) (including in estate all property of debtor 5 904 (11th Cir. 1983); In re Brooks, 12 B.R. 22, 24 (Bankr. S.D. ____________ Ohio 1981). Thus, the statutory duty to administer nonexempt property of the chapter 7 estate implicitly empowers the trustee to screen and oppose exemption claims which may not be allowable. See Fed. R. Bankr. P. 4003(b); see also In re Atlas, 183 B.R. ___ ___ ____ ____________ 978, 980 (Bankr. S.D. Fla. 1995) (citing 11 U.S.C. 704; Fed. R. Bankr. P. 4003(b)). We accordingly hold that the trustee, as the designated representative of the chapter 7 estate, 11 U.S.C. 323(a), whose duties include the collection and liquidation of the nonexempt property of the estate, see id. 704(1), is a "party in ___ ___ interest" entitled to oppose exemption claims under Bankruptcy Code 522(1). See also In re Van Rye, 179 B.R. 375, 378 (Bankr. ___ ____ _____________ D. Mass. 1995) (holding that "the Trustee, in his capacity as representative of the estate, has standing to object" to exemption claims), aff'd, 96 F.3d 1430 (1st Cir. 1996) (Table).  _____ II. II. Edmonston further contends that since a chapter 7 discharge can only relieve indebtedness of the chapter 7 debtor, joint creditors may still proceed directly against the entireties property itself because their claims against the nondebtor spouse  ____________________ and spouse which is "liable for an allowable claim against the debtor, or for an allowable claim against the debtor and an allowable claim against the debtor's spouse, to the extent that such interest is so liable"), and thus became subject to administration under chapter 7 unless exempt. 6 would be unaffected by Edmonston's chapter 7 proceeding.4 This claim impermissibly assumes that the chapter 7 debtor is entitled to have the entireties property set apart as exempt, on the theory that joint creditors would retain their respective rights to proceed against the entireties property under Commonwealth law in any event. As all relevant reported cases make clear,5 assuming a proper objection by a party in interest an entireties exemption claim is invalid ab initio to the extent there are __ ______ joint creditors. Thereupon, as nonexempt property of the chapter 7 estate the entireties property becomes subject to administration.  III. III. For the foregoing reasons, the district court order is  ____________________ 4In assailing the Fourth Circuit's holding in Sumy, 777 F.2d ____ at 929-32 that the entireties property was not exempt under Bankruptcy Code 522(b)(2)(B) Edmonston misapprehends the court's rationale. The holding was not based on a "legal fraud" rationale, as Edmonston suggests, but on Bankruptcy Code  522(b)(2)(B) and applicable state law. Sumy, 777 F.2d at 929 ____ (rejecting entireties exemption claim "by interpreting  522(b)(2)(B) in light of state law").  5Other courts of appeals which have weighed in on the matter are in accord, see Sumy, 777 F.2d at 932; In re Grosslight, 757 ___ ____ ________________ F.2d 773, 776-77 (6th Cir. 1985); Napotnik v. Equibank & ________ ___________ Parkvale Sav. Assoc., 679 F.2d 316, 321 (3d Cir. 1982); compare ____________________ _______ Paeplow v. Foley, 972 F.2d 730, 737 (7th Cir. 1992) (by virtue of _______ _____ Indiana Code 34-2-28-1(a)(5), entireties property is exempt in bankruptcy, regardless of presence of joint creditors, as long as only one spouse files bankruptcy petition); so too are the bankruptcy courts (except in Indiana) which have done so, see, ___ e.g., In re Duncan, 201 B.R. 889, 898 (Bankr. W.D. Pa. 1996); In ____ ____________ __ re Harry, 151 B.R. 735, 737 (Bankr. W.D. Vir. 1992); In re _________ _____ Wickham, 130 B.R. 35, 38 (Bankr. E.D. Vir. 1991); In re Cerreta, _______ _____________ 116 B.R. 402, 405-06 (Bankr. D.Vt. 1990); In re Geoghegan, 101 ________________ B.R. 329, 330-31 (Bankr. M.D. Fla. 1989); In re Sefren, 41 B.R. ____________ 747, 748 (Bankr. D.Md. 1984); see also Sumy, 777 F.2d at 929 n.16 ___ ____ ____ (collecting cases). 7 affirmed, with costs to appellee, and the case is remanded to the bankruptcy court for further proceedings consistent with this opinion. SO ORDERED. SO ORDERED __ _______ 8