## In re John MONTANARO and Linda Montanaro, Debtors.

### No. 03–30545–C–7.

United States Bankruptcy Court, E.D. California.

Feb. 25, 2004.

Thomas Mouzes, Hauser & Mouzes, Woodbridge, CA, for Chapter 7 Trustee.

Julia P. Gibbs, Law Offices of Julia P. Gibbs, El Dorado Hills, CA, for Debtors.

## OPINION ON OBJECTION TO CLAIM OF EXEMPTIONS, COUNTERMOTION FOR RETROACTIVE EXTENSION OF TIME, AND MOTION TO COMPEL TRUSTEE TO ABANDON RESIDENCE.

CHRISTOPHER M. KLEIN,
Bankruptcy Judge.

The chapter 7 trustee's sole contention in this objection to claim of exemptions is that the debtors' failure to file a list of property claimed as exempt within the time specified by Federal Rule of Bankruptcy Procedure 1007(c) disentitles them to exemptions. Although the debtors' motion for retroactive extension of time is denied because they have not shown "excusable neglect," the trustee's objection is nevertheless overruled. Comparing 11 U.S.C. § 522(*l*) with Federal Rule of Bankruptcy Procedure 4003 through the matrix of the decision of the U.S. Supreme Court in *Kontrick v. Ryan*, —— U.S. ——, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004), leads to the conclusion that the consequence of late-filed claims of exemption is that debtors forfeit the benefit of the deadline prescribed by Rule 4003(b) for objections to claims of exemption but do not forfeit their substantive entitlement to exemptions.

*Facts*

The debtors commenced this bankruptcy case on September 25, 2003, by filing a petition and list but without schedules. Under Rule 1007(c), the schedules in such circumstances must be filed within fifteen days after the petition unless the court, pursuant to a noticed motion, extends the time.

When schedules were not on file as of October 17, 2003, the court issued an order to show cause why the case should not be dismissed. A hearing was set for November 26, 2003.

The schedules, including Schedule C (Property Claimed as Exempt), were filed on October 21, 2003.

The meeting of creditors began and was completed on October 28, 2003.

On November 13, 2003, the debtors filed a motion to compel the trustee to abandon the residence that they had claimed as exempt on their late-filed Schedule C.

The trustee opposed the abandonment motion by objecting to the claim of exemption on November 17, 2003, solely on the theory that the consequence of untimely filing of Schedule C listing property was that the debtors were not entitled to any exemptions.

The court removed the November 26 dismissal hearing from calendar because the missing schedules had been filed.

The debtors have filed a motion under Federal Rule of Bankruptcy Procedure 9006(b)(1) to enlarge retroactively the time under Rule 1007(c) for filing schedules, asserting that their tardiness was the result of excusable neglect.

*Jurisdiction*

Subject-matter jurisdiction is founded upon 28 U.S.C. § 1334. An objection to a claim of exemption is a core proceeding

that a bankruptcy judge may hear and determine. 28 U.S.C. § 157(b)(2)(B).

### Discussion

The facts of this case present the problem of a late-filed claim of exemptions because the court is not persuaded, taking into account all relevant circumstances, that the debtors have carried their burden to demonstrate "cause" and "excusable neglect" for not having complied with the filing deadlines. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993).

The question regarding the consequence of a late-filed claim of exemptions is unresolved and has been the subject of marked uncertainty. It has been held that amendments to exemptions that are made late in a case may be subject to equitable reduction to account for inequities that may result. *Arnold v. Gill (In re Arnold)*, 252 B.R. 778, 789 (9th Cir. BAP 2000). But no reported decision in this circuit deals with the question of whether the ability to claim exemptions is forfeited by tardy filing.

### I

■ The analysis begins with the statute, § 522(*l*), which provides for listing property claimed as exempt and for automatic allowance of exemption claims in the absence of objections without making any mention of deadlines or timeliness. 11 U.S.C. § 522(*l*).[1]

Rule 4003(a) implements the first two sentences of § 522(*l*) by requiring the list of property claimed as exempt be included on the debtor's schedules. Fed. R. Bankr.P. 4003(a).[2]

To that end, Official Form 6 provides a Schedule C ("Property Claimed as Exempt") as the vehicle for claiming exemptions.

Rule 1007(c) requires that the schedules, including Schedule C, be filed no later than 15 days after the petition unless the court, on noticed motion, extends the time for cause. Fed. R. Bankr.P. 1007(c).[3]

Since Rule 1007(c) does not mandate that a motion to extend time be made before the 15–day period expires, motions for retroactive extension are subject to Rule 9006's general rule regarding enlargements, which requires a showing of "cause" and "excusable neglect." Fed. R. Bankr.P. 9006(b)(1).[4]

---

1. § 522(*l*) provides:

   The debtor shall file a list of the property that the debtor claims as exempt under subsection (b) of this section. If the debtor does not file such a list, a dependent of the debtor may file such a list, or may claim property as exempt from property of the estate on behalf of the debtor. Unless a party in interest objects, the property claimed as exempt on such list is exempt.
   11 U.S.C. § 522(*l*).

2. Rule 4003(a) provides:

   *Claim of Exemption.* A debtor shall list the property claimed as exempt under Sec. 522 of the Code on the schedule of assets required to be filed by Rule 1007. If the debtor fails to claim exemptions or file the schedule within the time specified in Rule 1007, a dependent of the debtor may file the list within 30 days thereafter.
   Fed. R. Bankr.P. 4003(a).

3. Rule 1007(c) provides, in relevant part:

   (c) *Time Limits.* ... Any extension of time for the filing of the schedules and statements may be granted only on motion for cause shown and on notice to the United States trustee and to any committee elected under Sec. 705 or appointed under Sec. 1102 of the Code, trustee, examiner, or other party as the court may direct. Notice of an extension shall be given to the United States trustee and to any committee, trustee, or other party as the court may direct.
   Fed. R. Bankr.P. 1007(c).

4. Rule 9006(b)(1) provides, in relevant part:

Rule 4003(b) prescribes deadlines for objecting to claims of exemption that are asserted in the initial Schedule C (thirty days after the end of the meeting of creditors) and in amendments to Schedule C (thirty days after amendment). Fed. R. Bankr.P. 4003(b).[5] This implements the final sentence of § 522(*l*), which provides for automatic allowance of claims of exemption to which there is no objection but which does not establish deadlines.

The automatic allowance feature of § 522(*l*) following expiration of the Rule 4003(b) deadlines was enforced by the Supreme Court in *Taylor v. Freeland & Kronz,* 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992).

The First Circuit has since held that a debtor who has not filed a "timely" claim of exemptions under Rules 4003(a) and 1007(c) cannot assert § 522(*l*) automatic allowance based on these deadlines. *Petit v. Fessenden (In re Petit),* 80 F.3d 29, 32–33 (1st Cir.1996); *construed, In re Gregoire,* 210 B.R. 432, 435 (Bankr.D.R.I. 1997).

Finally, Rule 1009(a) provides that a debtor has a general right to amend schedules at any time before the case is closed. Fed. R. Bankr.P. 1009(a).[6] Assuming that schedules have been filed, they can be amended at any time. Correlatively, if no schedules are filed, there is nothing to amend.

## II

Rules 4003 and 1007 are "claim processing" rules that are of the same nature as Rule 4004, which supplies a deadline, similarly omitted in the statute, for objecting to discharge under 11 U.S.C. § 727.

The decision of the United States Supreme Court in *Kontrick v. Ryan,* —— U.S. ——, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004), teaches that one forfeits the right to rely on a deadline prescribed by an apparently inflexible bankruptcy "claim-processing rule" if one does not timely invoke the rule. In *Kontrick,* the claim-processing rule in question was Rule 4004, the benefit of which deadline was forfeited by the debtor who waited too long to as-

---

*Enlargement.* ... [W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for *cause* shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of *excusable neglect.*
Fed. R. Bankr.P. 9006(b)(1) (emphasis supplied).

5. Rule 4003(b) provides:
   *Objecting to a Claim of Exemptions.* A party in interest may file an objection to the list of property claimed as exempt only within 30 days after the meeting of creditors held under Sec. 341(a) is concluded or within 30 days after any amendment to the list or supplemental schedules is filed, whichever is later. The

court may, for cause, extend the time for filing objections if, before the time to object expires, a party in interest files a request for an extension. Copies of the objections shall be delivered or mailed to the trustee, the person filing the list, and the attorney for that person.
Fed. R. Bankr.P. 4003(b).

6. Rule 1009(a) provides:
   (a). *General Right to Amend.* A voluntary petition, list, schedule, or statement may be amended by the debtor as a matter of course at any time before the case is closed. The debtor shall give notice of the amendment to the trustee and to any entity affected thereby. On motion of a party in interest, after notice and a hearing, the court may order any voluntary petition, list, schedule, or statement to be amended and the clerk shall give notice of the amendment to entities designated by the court.
Fed. R. Bankr.P. 1009(a).

sert it because the rule, "even if unalterable on a party's application, can nonetheless be forfeited if the party asserting the rule waits too long to raise the point." *Kontrick*, 124 S.Ct. at 916.

In this instance, the trustee argues, relying on dictum in *Petit* and on a theory that the Supreme Court's decisions in *Taylor* and *Kontrick* require rigid enforcement of rules, a debtor's tardy claim of exemptions never becomes effective in the absence of a retroactive extension of time premised on a showing of "cause" and "excusable neglect" under Rule 9006(b). *Petit*, 80 F.3d at 33. This argument proves too much.

The trustee's theory that the debtor forfeits all rights to claim of exemptions, rather than forfeits the protection of Rule 4003(b), has the disadvantage of being inconsistent with the broad language of § 522(*l*). Moreover, such a result would potentially be unduly punitive if applied as a general rule.

The better reading of *Taylor* and *Petit* is that neither the Rule 4003(b) objection deadlines nor the automatic exemption allowance feature of § 522(*l*) are triggered unless there is "timely" assertion of a claim of exemption in accordance with Rules 4003(a) and 1007(c). If the deadlines for objecting and automatic allowance are not triggered, the claim of exemption still stands and an objection may be filed at any time during the case. *See, Petit*, 80 F.3d at 33 n. 3.

■ The utility of a motion seeking permission to file a Schedule C after the Rule 1007(c) deadline has nominally expired, is that it affords the opportunity to render the exemption claim retroactively "timely" so as to trigger applicability of the claims-processing rule of Rule 4003(b) and attendant § 522(*l*) automatic allowance. But determinations of "cause" and "excusable neglect" are not available merely for the

asking. *Pioneer*, 507 U.S. at 395, 113 S.Ct. 1489.

The rules do not require prior judicial permission for filing schedules and amendments thereto. *Goswami v. MTC Distrib. (In re Goswami)*, 304 B.R. 386, 392 (9th Cir. BAP 2003). Although judicial determination regarding the effect of late-filed schedules and amendments thereto may become appropriate in a case, the only limitations involving judicial permission to file are judge-made exceptions premised on bad faith or avoiding prejudice. *Id.* at 393; *Arnold*, 252 B.R. at 784. Indeed, maintenance of current schedules is regarded as a continuing duty of the debtor. *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 785 (9th Cir.2001); *Browning Mfg. v. Mims (In re Coastal Plains, Inc.)*, 179 F.3d 197, 207–08 (5th Cir.1999).

If the Rule 4003(b) deadlines for objections are not triggered, then, in principle, objections could be made at any time during the case. The § 522(*l*) automatic allowance still applies to exemption claims to which there is no objection, but the lack of an objection need not be presumed before the end of the case merely from the passage of time. This would, of course, be the situation in all cases if Rule 4003(b) did not exist.

*Taylor* and *Kontrick* confirms this analysis. That the objection deadlines in Rule 4003(b) exist primarily for the benefit of the debtor is evident from the manner in which the § 522(*l*) automatic allowance based on that claim-processing rule was enforced in *Taylor* against a chapter 7 trustee in circumstances in which the debtor wound up with a six-digit windfall. In *Kontrick*, the debtor forfeited the benefit of a claim-processing rule that would have prevented an objection to his § 727 discharge by untimely asserting the bar created by the rule and wound up facing the

consequences of the bankruptcy court's determination on the merits of the objection to discharge.

*Petit's* dictum that a debtor's tardy claim of exemptions never becomes effective in the absence of a retroactive extension of time premised on "cause" and "excusable neglect" under Rule 9006(b)(1) must be construed, in light of *Kontrick* and the rules of procedure, to mean that such an exemption claim never becomes "timely" without showing "cause" and "excusable neglect" under Rule 9006(b)(1).

In the end, *Kontrick, Taylor*, and *Petit* all stand for the proposition that one who does not honor time requirements created by claim-processing rules in the Federal Rules of Bankruptcy Procedure may forfeit benefits that would otherwise flow from such rules. In *Taylor*, the inaction of the trustee led to loss of the right to prevent § 522(*l*) automatic allowance. In *Kontrick*, the silence of the debtor led to forfeiture of the ability to interpose a time-based defense to denial of a discharge. In *Petit*, the inaction of the debtor precluded reliance on § 522(*l*) automatic allowance.

In short, the consequence of a late-filed claim of exemptions is that the protection of the limitations period granted by Rule 4003(b) is forfeited. Thus, the time to object remains open so that § 522(*l*) automatic allowance does not occur until the trustee abandons the property. Nevertheless, if the debtor is entitled to the exemptions as a matter of substantive law, then the debtor ultimately receives the exemptions.

### III

Turning to the three contested matters before the court, the trustee achieves one pyrrhic victory and suffers two defeats.

The trustee objected to the debtors' claim of exemptions solely on the basis of an untimely-filed Schedule C claiming the exemptions and concedes that there is no substantive basis for challenging the exemptions on their merits and that there is no surplus value for the estate. The trustee's objection will be overruled because the debtors' untimely claim of exemptions merely disentitled them to rely on the Rule 4003(b) objection deadlines and did not otherwise deprive them of their § 522(*l*) statutory right to exempt property.

The trustee prevails on the pyre of his opposition to the debtors' motion for retroactive enlargement of time. They have not demonstrated "cause" and "excusable neglect" sufficient to permit the belated schedules to be treated as "timely" filed.

■ The debtors filed a motion to compel the trustee to abandon their residence pursuant to 11 U.S.C. § 554(b) on the premise that the property is exempt and that any equity (value minus debt) is of inconsequential value and benefit to the estate, which notice was served on all creditors. The record establishes that the debtors' residence is exempt and of inconsequential value and benefit to the estate. Hence, their motion will be granted.

Appropriate orders on separate documents will issue.