06-5249-cv
Burke v. Hamilton

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

August Term, 2007

(Argued: April 16, 2008                    Decided: June 4, 2008)

Docket No. 06-5249-cv (L), 06-5425-cv (XAP)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS BURKE, RICHARD DANITZ, ROBERT J. KULCZYK, JAMES M. KILGER, BRUCE HOFFMAN, GEORGE FERRARO, JAMES BIDDLE SR., JOHN O'HARE JR., as Trustees on Behalf of the Buffalo Carpenters Pension Fund, and BUFFALO CARPENTERS PENSION FUND,

    Plaintiffs-Appellants-Cross-Appellees,

        -   v.   -

HAMILTON EQUIPMENT INSTALLERS, INC.,

    Defendant-Appellee-Cross-Appellant,

PROFESSIONAL FURNISHINGS & EQUIPMENT, INC., HAMILTON INSTALLERS, INC., and A. JAN STALKER ASSOCIATES, INC.,

    Defendants-Appellees.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

B e f o r e:   WINTER, SACK, Circuit Judges, and MURTHA, District Judge.[*]

    Appeal from a judgment after a bench trial in the United States District Court for the Western District of New York (Richard J. Arcara, Judge) finding Hamilton Equipment Installers

_____

[*]The Honorable J. Garvan Murtha, United States District Judge for the District of Vermont, sitting by designation.

1

liable as an <u>alter ego</u> for the ERISA liability of Hamilton Installers, but finding that Professional Furnishings & Equipment was not liable for these debts either as an <u>alter ego</u> or under a veil-piercing theory. For substantially the reasons stated by the district court, we affirm.

JONATHAN G. JOHNSEN, Creighton, Pearce, Johnsen & Giroux, Buffalo, New York, <u>for Plaintiffs-Appellants-Cross-Appellees</u>.

PHILIP B. ABRAMOWITZ, Barth, Sullivan and Baer LLP, Buffalo, New York (Jason H. Sterne, Williamsville, New York, on the brief), <u>for Defendant-Appellee-Cross-Appellant and Defendants-Appellees</u>.

PER CURIAM:

Thomas Burke et al. appeal from a judgment issued after a bench trial by Judge Arcara. <u>See</u> <u>Burke v. Hamilton Installers, Inc.</u>, No. 02-CV-519, 2006 WL 3831380 (W.D.N.Y. Oct. 16, 2006). We assume familiarity with the district court's opinion.

Judge Arcara held that certain ERISA withdrawal liabilities incurred by Hamilton Installers, Inc. ("Installers") under the terms of a collective bargaining agreement with the Carpenters Pension Fund could be attributed to Hamilton Equipment Installers, Inc. ("Equipment"). The district court found that Equipment was an <u>alter ego</u> of Installers under a theory derived from labor law. <u>See</u> <u>Lihli Fashions, Inc., v. N.L.R.B.</u>, 80 F.3d 743, 748 (2d Cir. 1996). However, the court also found that Professional Furnishings & Equipment ("Professional") was not

2

derivatively responsible for Installers' ERISA liability because Professional was not an alter ego of Equipment and because there were no grounds to pierce the corporate veil between Professional and Equipment.

Burke argues in his appeal that Professional is responsible for Equipment's ERISA liability under the veil-piercing theory enunciated in Lowen v. Tower Asset Management, Inc., 829 F.2d 1209, 1220-21 (2d Cir. 1987). Under this theory, liability would flow from Installers to Equipment to Professional.

Equipment cross-appeals, contending that it was neither an alter ego nor a successor of Installers.

We affirm on both the appeal and the cross-appeal for substantially the reasons stated by the district court. See Burke, 2006 WL 3831380. We specifically note that the veil-piercing theory enunciated in Lowen does not render Professional responsible for the ERISA liability originally incurred by Installers and attributed to Equipment. See Lowen, 829 F.2d at 1220-21. Other than familial relationships among the principals of the firms, Professional has no connection to Installers' ERISA liability or to the circumstances surrounding the founding of Equipment. Installers' ERISA debts were incurred and Equipment was created - in part to avoid Installers' obligations under the collective bargaining agreement - long before Professional was founded. To the extent that Installers and Equipment were

3

deliberately undercapitalized, this also occurred well before Professional existed. After Professional was created, it was in competition for business with Equipment's then-parent company. Professional therefore had nothing to do with Installers' incurring ERISA liability or with Equipment's creation as Installers' alter ego. Appellants also have not shown that Professional derived any substantial benefit from the creation of Equipment to avoid, inter alia, ERISA liability. Long after the relevant events occurred, Professional did business with Equipment and arguably exerted influence over it. This later relationship provides no grounds, however, for rendering Professional liable for Equipment's derivative liability for Installers' debts.

For the foregoing reasons, the judgment of the district court is AFFIRMED.